[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that, his criminal trial attorneys, Joseph F. Keefe and A. Thomas Waterfall, were ineffective in assisting him in that (1) they failed to properly investigate the case; (2) they failed to advise him of the elements of the crimes with which he was charged and that he could not be convicted of one or both of said charges; (3) there was no factual basis for the pleas; and (4) they failed to advise him of the consequences of his pleas.
The petitioner was arrested by warrant on March 25, 1996 and charged with two counts of Risk of Injury to a Minor and one count of Obscenity to Minors. Petitioner's Exhibit 3 and 4. He subsequently entered a plea of nolo contendere to a substituted information containing two counts, to subsections (1) and (2) of Section 53-21. See plea transcript of November 26, 1996,Petitioner's Exhibit 1. He was sentenced to 2 1/2 years on each count concurrently, execution suspended and probation for 10 years with special conditions to each of subsection (1) and (2) of Section 53-21. See Plaintiff's Exhibit 2 and Respondent'sExhibit B.
The charges arise from the conduct of the defendant with an eleven (11) year old boy on February 25 and 26, 1996 and with two fourteen (14) year old boys in August of 1994. The defendant had asked the boy to help him move and then provided him with `Playboy' magazines and very graphic displays of sexual acts between a man and woman on his computer and an x-rated video on the VCR of persons engaged in sex acts. On the following day, CT Page 4220 having promised the boy that he would not be subject to the display again, he positioned him before the computer on which he accessed an adult x-rated game. During the time this was being done he touched the boy in his private areas, both buttocks and groin when the boy twisted away and subsequently left the defendant's apartment. During the event he promised the boy money to expose his private areas.
In August of 1994 the defendant was involved with two boys who were 14 years old whom he met through his employment. He brought them to his apartment and showed them pictures downloaded on his computer from the Internet which were of a sexually explicit nture. He made provocative statements to them as to exposing themselves for money. See Petitioner's Exhibit 1.
The petitioner testified that he believed that he would be given Accelerated Rehabilitation (AR) but subsequently learned that because of the charge that it could not be given. His attorneys told him that they would work out a suspended sentence on the two Risk of Injury charges with a probationary period of five (5) years. He would have to take counseling and sex offender treatment as a condition of probation. He was not told about having to register as a sex offender for ten years until after he pleaded and was referred to the probation officer. He was only told about the probation period being raised to ten (10) years just before his plea. He does not think he would have pleaded if he knew he had to be registered as a sex offender for ten years. However, in his testimony, he stated that he doesn't think he could have emotionally faced trial and particularly the attendant publicity and that he probably could not have financially afforded trial. He did not want to go to jail nor did he want to force the three boys to go to trial.
By October, 1996, Waterfall testified that he told the petitioner that the state would not reduce the felony charge and that Section 2 of General Statutes Section 53-21 would prevent any application for AR and would require a period of probation of ten years, but that the petitioner could plead nolo contendere which would not be an admission for civil liability purposes and that the state would recommend a suspended sentence. On October 4, 1996 petitioner waived his right to a jury trial and the matter was set down for a court trial on December 10, 1996. Prior to November 26, 1996, the day of the petitioner's plea, the decision to plead was made. See Petitioner's Exhibit 40. Waterfall believes he met with the petitioner the day before. See CT Page 4221Affidavit of Waterfall dated December 28, 1998. Respondent'sExhibit F. A discussion of Megan's Law cannot be verified by office correspondence concerning the sentencing proceedings. SeePetitioner's Exhibit 42.
State's Attorney Guy Wolfe testified that he refused to reduce the charge from a felony, 53-21 (2) which prevented AR and required a minimum period of probation of ten (10) years. He does not recall if he had ever discussed Megan's Law with petitioner's attorney.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove how the result would be different. The prosecutor would not change the charge, a conviction of which could not have been lower in the period of probation and the special conditions attached thereto and the application of Megan's Law. Obviously the eleven (11) year old boy was prepared to testify, his father having appeared at the petitioner's sentencing. See Petitioner's Exhibit 2. The pornographic material produced here as Respondent's Exhibit E
would make said boy's complaint credible and consistent. The petitioner's testimony demonstrated his lack of confidence in a successful defense and his fear of a jail penalty.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee